IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 19-8 |
| | ) | |
| NOAH LANDFRIED | ) | |
| MARIO ALLEN | ) | |
| LARRY BENAVIDES | ) | [UNDER SEAL] |
| DASHAWN BURLEY | ) | |
| MICHEL CERCONE | ) | |
| AHMAD FLETCHER | ) | |
| MICHAEL S. FRAWLEY | ) | |
| CHRISTOPHER GAHAGAN | ) | |
| RICHARD GEORGELOS | ) | |
| NICHOLAS GIAMMICHELE | ) | |
| ROBERT KORBE | ) | |
| PRIYANKA KUMAR | ) | |
| ROSS LANDFRIED | ) | |
| STERLING MARSHALL | ) | |
| DARREN MARTIN | ) | |
| HAROLD NOVICK | ) | |
| PAUL NUARA | ) | |
| OMARI PATTON | ) | |
| JAMES PERRY | ) | |
| JOHN RAMSEY | ) | |
| DONNELL STEWARD | ) | |
| QUOC BOA TRINH | ) | |
| ANGELO WILLIAMS | ) | |
| TERRELL WILLIAMS | ) | |
| RICHARD WOOD | ) | |
| SHAYLA YATES | ) | |
| KRYSTIAN ZARATE | ) | |

FILED
JAN 08 2019
CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Scott W. Brady, United States Attorney for the Western District of Pennsylvania, and Craig W. Haller, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

1

## I. THE INDICTMENT

A Federal Grand Jury returned an eight-count Indictment against the above-named defendants for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Conspiracy to distribute and possess with intent to distribute Schedule I, II, and III controlled substances from January 2017 to January 2019 | 21 U.S.C. § 846 (all defendants except PRIYANKA KUMAR and ANGELO WILLIAMS) |
| 2 | Conspiracy to commit money laundering from January 2017 to January 2019 | 18 U.S.C. § 1956(h) (defendants NOAH LANDFRIED, MARIO ALLEN, LARRY BENAVIDES, MICHEL CERCONE, AHMAD FLETCHER, ROSS LANDFRIED, STERLING MARSHALL, JAMES PERRY, and SHAYLA YATES) |
| 3 | Interstate travel or transmission in aid of racketeering from January 2017 to January 2019 | 18 U.S.C. § 1952(a)(3) (defendants PRIYANKA KUMAR and ANGELO WILLIAMS) |
| 4-8 | Possession with intent to distribute and/or distribution of cocaine (Counts 4, 6, and 7), heroin (Count 8), and para-fluoroisobutyryl fentanyl and 5F-ADB (Count 5) on or about September 16, 2017 (Count 4), in and around November 2017 (Count 5), January 24, 2018 (Count 6), April 18, 2018 (Count 7), and June 18, 2018 (Count 8) | 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (defendants CHRISTOPHER GAHAGAN/Counts 4, 6, and 7, LARRY BENAVIDES/Count 5, and NOAH LANDFRIED/Count 8) |

## II. ELEMENTS OF THE OFFENSES

### A. As to Count One:

For the crime of Conspiracy to Distribute and Possess with Intent to Distribute Schedule I, II, and III Controlled Substances from January 2017 to January 2019, as charged in Count One of the Indictment, to be established, the United States must prove the following elements beyond a reasonable doubt.

1. That two or more people agreed to distribute or possess with intent to distribute a controlled substance;

2. That the defendant was a party to or member of that agreement;

3. That the defendant joined the agreement knowing of its objective to distribute or possess with intent to distribute a controlled substance and intending to join together with at least one other alleged conspirator to achieve that objective; that is, that the defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve that objective; and

4. That the controlled substance was one of the Schedule I, II, or III controlled substances listed in Count One of the Indictment; and, if the controlled substance was cocaine or heroin, the amount of cocaine or heroin attributable to the defendant as a result of the defendant's own conduct and the conduct of conspirators that was reasonably foreseeable to the defendant was 5 kilograms or more of cocaine or 1 kilogram or more of heroin.

### B. As to Count Two:

For the crime of Conspiracy to Commit Money Laundering from January 2017 to January 2019, as charged in Count Two of the Indictment, to be established, the United States must prove the following elements beyond a reasonable doubt.

1. That two or more people agreed to launder money as charged in the Indictment; that is, they agreed to conduct a financial transaction affecting interstate commerce involving the proceeds of specified unlawful activity, with the intent to promote the carrying on of the specified unlawful activity or knowing that the transaction was designed, in whole or in part, to conceal and disguise the nature, location, source, ownership, or control of the proceeds of the specified unlawful activity, and knowing that the proceeds were from some form of unlawful activity;

2. That the defendant was a party to, or member of, the agreement; and

3. That the defendant joined the agreement knowing of its objective to launder money as charged in the Indictment and intending to join together with at least one other conspirator to achieve that objective.

**C.     As to Count Three:**

For the crime of Interstate Travel or Transmission in Aid of Racketeering, as charged in Count Three of the Indictment, to be established, the United States must prove the following elements beyond a reasonable doubt.

1. That the defendant traveled or caused another to travel in interstate or foreign commerce, or used or caused to be used a facility in interstate or foreign commerce, including the mail;

2. That the defendant did so with the intent to promote, manage, establish, or carry on an unlawful activity, or to facilitate the promotion, management, establishment, or carrying on of an unlawful activity; and

4

3. That the defendant thereafter performed, or attempted to perform, an act to promote, manage, establish, or carry on an unlawful activity or to facilitate the promotion, management, establishment, or carrying on of an unlawful activity.

**D.   As to Counts Four through Eight:**

For the crime of Possession with Intent to Distribute and/or Distribution of Cocaine (as charged in Counts Four, Six, and Seven of the Indictment), Heroin (as charged in Count Eight of the Indictment), and Para-Fluoroisobutyryl Fentanyl and 5F-ADB (as charged in Count Five of the Indictment), to be established, the United States must prove the following elements beyond a reasonable doubt.

1. That the defendant knowingly possessed a mixture or substance containing a controlled substance;

2. That the defendant had an intent to distribute or distributed the mixture or substance; and

3. That the mixture or substance contained heroin (a Schedule I controlled substance), or cocaine (a Schedule II controlled substance), or para-fluoroisobutyryl fentanyl (a Schedule I controlled substance), or 5F-ADB (a Schedule I controlled substance).

### III.   PENALTIES

**A.   As to Count One: Conspiracy to Distribute and Possess with Intent to Distribute Schedule I, II, and III Controlled Substances (21 U.S.C. § 846):**

1. A term of imprisonment of not less than 10 years to a maximum of life.

2. A fine of up to $10,000,000.

3. A term of supervised release of at least 5 years.

5

If the defendant has a prior conviction for a serious drug felony or a serious violent felony:

1. A term of imprisonment of not less than 15 years to a maximum of life.

2. A fine of up to $20,000,000.

3. A term of supervised release of at least 10 years.

If the defendant has two or more prior convictions for a serious drug felony or a serious violent felony:

1. A term of imprisonment of not less than 25 years to a maximum of life.

2. A fine of up to $20,000,000.

3. A term of supervised release of at least 10 years.

**B.     As to Count Two: Conspiracy to Commit Money Laundering (18 U.S.C. § 1956(h)):**

1. A term of imprisonment of up to twenty years.

2. A fine of up to $500,000 or twice the value of the property involved in the transaction, whichever is greater.

3. A term of supervised release of up to three years.

**C.     As to Count Three: Interstate Travel or Transmission in Aid of Racketeering (18 U.S.C. § 1952(a)(3):**

1. A term of imprisonment of up to five years.

2. A fine of up to $250,000 or twice the pecuniary gain or loss.

3. A term of supervised release of up to three years.

D. As to Each of Counts Four through Eight: Possession with Intent to Distribute and/or Distribution of Cocaine (Counts 4, 6, and 7), Heroin (Count 8), and Para-Fluoroisobutryl Fentanyl (Count 5) (21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C)):

1. A term of imprisonment of up to 20 years.

2. A fine of up to $1,000,000.

3. A term of supervised release of at least three years.

If the defendant has a prior conviction for a felony drug offense:

1. A term of imprisonment of up to 30 years.

2. A fine of up to $2,000,000.

3. A term of supervised release of at least six years.

## IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count of conviction, pursuant to 18 U.S.C. § 3013.

## V. RESTITUTION

Restitution is not an issue in this case at this time.

## VI. FORFEITURE

The Indictment seeks forfeiture of property and proceeds of the charged crimes.

Respectfully submitted,

SCOTT W. BRADY
United States Attorney

s/*Craig W. Haller*
CRAIG W. HALLER
Assistant U.S. Attorney
PA ID No. 87714