IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal No. 19-8 |
| v. ) | |
| ) | |
| NOAH LANDFRIED ) | |

MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR DISCLOSURE OF BRADY MATERIALS

AND NOW comes Defendant, Noah Landfried, by and through his attorney, Martin A. Dietz, Esquire, and respectfully files the within memorandum of law as follows:

Under the Supreme Court's pronouncement's in the case of Brady v. Maryland, 373 U.S. 83 (1963), the government is required to disclose evidence that falls within certain categories to a criminal defendant. The requirements of Brady are not based on a general right to discovery, but rather on the fundamental due process right to a fair trial. Weatherford v. Bursey, 429 U.S. 545 (1977).

> The rule set forth by the Court in Brady is that:
>
> the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.

Generally speaking, the Brady rule has been interpreted to refer to evidence going to the heart of a defendant's guilt or innocence and to evidence that might well alter the jury's judgment of the credibility of a crucial prosecution witness. Higgs, 713 F.2d at 42. So long as this evidence is "material", as that term was defined in United States v. Agurs, 427 U.S. 97 (1976), it must be disclosed. In Agurs, the Court analyzed the element of materiality in three different situations, two of which bear relevance here. First, where a defendant has made a specific request for information,

any undisclosed information will be deemed material if "the suppressed evidence might have affected the outcome of the trial." Id. at 104.  Second, when no request, or only a general request for Brady material is made by a defendant, undisclosed information will be held material if "the omitted evidence creates a reasonable doubt that did not otherwise exist. Id. at 112.

In light of the foregoing principles under Brady and its progeny, Mr. Landfried requests that the government disclose and provide him with all material impeachment and/or exculpatory and/or otherwise favorable evidence pertinent to the case against him. This request includes evidence that is favorable to him during pre-trial proceedings, trial and potential sentencing.

        Respectfully submitted,

          s/ Martin A. Dietz            .
        Martin A. Dietz, Esquire
        Pa. I.D. No. 69182
        The Mitchell Building
        304 Ross Street, Suite 505
        Pittsburgh, PA 15219
        (412) 261-5520

        Attorney for Defendant,
        Noah Landfried