IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
| ) | Criminal No. 19-8 |
| v.                            ) | |
| ) | |
| NOAH LANDFRIED                ) | |

MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR ADDITIONAL DISCOVERY

AND NOW comes Defendant, Noah Landfried, by and through his attorney, Martin A. Dietz, Esquire, and respectfully files the within Memorandum of Law in Support of Motion for Additional Discovery as follows:

Rule 16 of the Federal Rules of Criminal Procedure provides that the Court, upon motion by a party, may order disclosure of information in the custody or control of the Government. In addition, Rule 16(C) specifically provides that the Government should permit defendant to inspect all documents in the possession, custody or control of the Government which are material to the preparation of defendant's defense, or intended for use by the Government as evidence in chief at trial, or were obtained from or belonged to the defendant. Likewise, Rule 16(D) requires the Government to permit defendant to inspect and copy results and reports of expert witnesses including, but not limited to, physical and mental examinations and scientific tests and experiments.

It is within the sound discretion of the district judge to make any discovery order that is not barred by a higher authority; provisions of a discovery order are not invalid because they are broader in scope than the Brady requirements. United States v. Campagnuolo, 592 F.2d 852 (5th Cir. 1979). A court has inherent authority to order supervised discovery above and beyond discovery under the Rules of Criminal Procedure or the Jencks Act. United States v. Williams, 792 F.Supp. 1120 (S.D. Ind. 1992). Because an item does not fall within the criminal discovery rule does not mean that the item cannot be made available to defendant's counsel; a district court judge

may be permitted to order discovery beyond that specified by Rule 16.  <u>United States v. George</u>, 786 F.Supp. 11 (D.D.C. 1991).

The additional discovery requested in Mr. Landfried's pretrial motion is information that is material to the defense of the case at trial.  The information is important to Mr. Landfried's rights to a fair trial and to the effective representation of counsel.  It is respectfully requested that this Court order that all of the requested materials, to the extent they exist, be disclosed to Mr. Landfried forthwith.

Respectfully submitted,

    s/ Martin A. Dietz            .
Martin A. Dietz, Esquire
Pa. I.D. No. 69182
The Mitchell Building
304 Ross Street, Suite 505
Pittsburgh, PA 15219
(412) 261-5520

Attorney for Noah Landfried