IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Criminal No. 19-8 |
| v. | ) |
| | ) |
| NOAH LANDFRIED | ) |

MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO COMPEL GOVERNMENT TO PROVIDE DEFENDANT
WITH WRITTEN STATEMENT OF UNCHARGED MISCONDUCT
EVIDENCE AND/OR FEDERAL RULE OF EVIDENCE 404(B)
EVIDENCE AND FOR PRETRIAL PRODUCTION OF SUCH EVIDENCE

AND NOW comes Defendant, Noah Landfried, by and through his attorney, Martin A. Dietz, Esquire, and respectfully files the within memorandum of law:

This Court has wide latitude in ruling on questions of evidence. Although, in most cases, whether the Government seeks to use evidence of uncharged misconduct and/or evidence described in Rule 404(b) of the Federal Rules of Evidence is a matter to be determined at trial, the Court should exercise its discretion and require the Government to disclose its intention to use any such evidence prior to trial. Waiting for trial for disclosure of such evidence will materially delay the trial of this matter.

Federal Rule of Evidence 404(b) provides that the prosecution must provide reasonable notice of the nature of any evidence it intends to offer under the Rule:

> "(b) **Other crimes, wrongs, or acts**. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court

excuses pretrial notice on good cause shown, of the general nature or any such evidence it intends to introduce at trial." (Emphasis added).

"The amendment to Rule 404(b) adds a pretrial notice requirement in criminal cases and is intended to reduce surprise and promote early resolution on the issue of admissibility. The notice requirement thus places Rule 404(b) in the mainstream with notice and disclosure provisions in other rules of evidence. See, e.g., Rule 412 (written motion of intent to offer evidence under rule), Rule 609 (written notice of intent to offer conviction older than 10 years), Rule 803(24) and 804(b)(5)(notice of intent to use residual hearsay exceptions).

The Rule expects that counsel for both the defense and the prosecution will submit the necessary request and information in a reasonable and timely fashion. . .

. . . The amendment requires the prosecution to provide notice, regardless of how it intends to use the extrinsic act evidence at trial, i.e., during its case-in-chief, for impeachment, or for possible rebuttal. The court in its discretion may, under the facts, decide that the particular request or notice was not reasonable, either because of the lack of timeliness or completeness. Because the notice requirement serves as condition precedent to admissibility of 404(b) evidence, the offered evidence is inadmissible if the court decides that the notice requirement has not been met."

An order requiring the government to provide advance notice of its intent to offer such evidence will provide the Court and defense counsel with the only means of establishing appropriate safeguards as a prerequisite to the admissibility of such evidence under Rule 104 of the Federal Rules of Evidence. See United States v. Foskey, 636 F.2d 517, 526 n.8 (D.C.Cir. 1980) (suggesting that pretrial disclosure by government of uncharged misconduct evidence is the most efficient means of dealing with questions of admissibility as to such evidence); accord United States v. Lavelle, 751 F.2d 1266, 1279 (D.C.Cir. 1985); United States v. Bailey, 505 F.2d 417, 420 (D.C.Cir. 1974); cf. 1 Wigmore on Evidence, '194 (3rd Edition); see also United States v. Davidoff, 845 F.2d 1151 (2d Cir. 1988)(where the court reversed a conviction after a defendant

in a RICO prosecution was prejudiced by proof of uncharged conduct involving three freight companies in addition to the company named in the indictment).

The admissibility of such evidence must be determined by the district court under the standards for admission of evidence under Rules 404(b) and 403 of the Federal Rules of Evidence. <u>United States v. Sampson</u>, 980 F.2d 883 (3d Cir.1992); <u>United States v. Huddleston</u>, 485 U.S. 681 (1988).

An offer of evidence under Rule 404(b) will require a hearing outside the presence of the jury in order for the court to rule on the admissibility of the evidence. See, e.g., <u>United States v. Benton,</u> 637 F.2d 1052, 1055-6 (5th Cir. 1981). In addition, if any of the evidence which the government seeks to introduce requires the testimony of the defendant in order for the court to determine the relevancy and admissibility of the evidence, the admissibility hearing must be conducted out of the hearing of the jury under Rule 104(c) of the Federal Rules of Evidence.

In <u>United States v. Baum</u>, 482 F.2d 1325 (2nd Cir. 1973), the Court explained that a criminal defendant, when

> confronted for the first time with the accusation of prior criminal conduct and the identity of the accuser, the defendant had little or no opportunity to meet the impact of this attack in the midst of trial. This precarious predicament was precipitated by the prosecutor.

482 F.2d at 1331.

Although it is anticipated that the Government may seek introduction of evidence of uncharged misconduct, Mr. Landfried request notice as to the nature of any such conduct. It is most likely that all efforts by the Government to introduce such evidence will be strongly opposed. As an alternative to delaying trial to determine whether this evidence will withstand challenge, whether

3

constitutional, evidentiary or otherwise, this Court should exercise its discretion in favor of reviewing all such evidence prior to trial so that Mr. Landfried can properly prepare any challenges to the evidence and trial will not be unnecessarily delayed.

                              Respectfully submitted,

                              __s/ Martin A. Dietz__  .
                              Martin A. Dietz, Esquire
                              Pa. I.D. No. 69182
                              The Mitchell Building
                              304 Ross Street, Suite 505
                              Pittsburgh, PA 15219
                              (412) 261-5520

                              Attorney for Noah Landfried